EDWARD B. MAGARIAN (admitted *pro hac vice*)
THOMAS F. BERNDT (admitted *pro hac vice*)
JESSICA LINEHAN (SBN 223569)
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Attorneys for Defendants
AMERIPRISE FINANCIAL, INC. and
AMERIPRISE FINANCIAL SERVICES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE NETO,<br><br>Plaintiff,<br><br>v.<br><br>AMERIPRISE FINANCIAL, INC., A CORPORATION; AMERIPRISE FINANCIAL SERVICES, INC., A CORPORATION; AUGUSTINE CHOI, AN INDIVIDUAL; AND DOES 1-100, INCLUSIVE,<br><br>Defendants. | CASE NO. CV09-9309 RSWL(FFMX)<br><br>**DEFENDANTS AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC. AND AUGUSTINE CHOI'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(B)**<br><br>**(DIVERSITY JURISDICTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendants Ameriprise Financial, Inc. ("AFI"), Ameriprise Financial Services, Inc. ("AFSI") and Augustine Choi hereby remove to the United States District Court for the Central District of California the state court action described below.

1. On August 6, 2009, a civil action was commenced by Plaintiff Jose Neto in the Superior Court of the State of California, for the County of Los Angeles, entitled Neto v. Ameriprise Financial, Inc.; Ameriprise Financial Services, Inc.; Augustine Choi; and Does 1-100, inclusive, case no. BC419383 (hereafter, the "State Court Action"). *See* Complaint for Damages (the "Complaint") attached as Exhibit A to the Declaration of Thomas F. Berndt ("Berndt Decl."). All named Defendants in the State Court Action have joined in, and consented

to, this removal of the State Court Action.

2. The Complaint, filed on August 6, 2009, inaccurately stated that Plaintiff was a California resident at the time it was filed. *See* Complaint at ¶¶ 2, 3. The Complaint alleged "all parties reside or conduct business in Los Angeles County, California" and that "[a]t all times material herein, Plaintiff Neto began as a resident of the State of Hawaii and then became a resident of the State of California." *Id.* Thus, from the face of the Complaint it appeared that no diversity jurisdiction existed so as to justify removal to federal court.

3. December 7, 2009, was the first date upon which Defendants had knowledge that, contrary to the allegations in the Complaint, Plaintiff was a resident of Hawaii at the time the Complaint was filed and at all times thereafter. *See* Berndt Decl. Exs. B, C, D. On December 7, 2009, AFI and AFSI received discovery responses in which Plaintiff stated that he "relocate[d] back to Hawaii." Plaintiff's Response to Form Interrogatory 210.4, Berndt Decl. Ex. B. When asked to state his current and past residences, Plaintiff stated he resided in California from "March 09 to July 09" and in Hawaii from "August 09 to present." Plaintiff's Response to Form Interrogatory 2.5, Berndt Decl. Ex. C. This removal is timely because this notice of removal was filed and served by Defendants AFI and AFSI "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order **or other paper** from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b) (emphasis added).

4. The State Court Action is a civil action of which this United States District Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this District Court by Defendants pursuant to 28 U.S.C. 1441(b) in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

---

Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and Augustine Choi's Notice of Removal Pursuant to 28 U.S.C. Sections 1332 and 1441(B)

5.  Where a state court complaint is unclear as to the amount in controversy, a removing party need only show that it is "more likely than not" that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. Cal. 2007) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996)). A removing defendant may make the requisite showing by either demonstrating that it is "facially apparent" from the complaint that the claims likely exceed $75,000 or by setting forth facts in a notice of removal that support a finding of the requisite amount. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (it was "facially apparent" that claim exceeded $75,000 where plaintiff alleged property damage, travel expenses, emergency ambulance trip, six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (it was facially apparent plaintiff's wrongful termination claim exceeded $75,000 based on her "lengthy list of compensatory and punitive damages" including loss of pay, fringe benefits, impaired earning capacity, harm to credit, emotional distress, and attorney fees). Here, although Plaintiff does not specifically allege the amount in controversy, the Complaint along with Plaintiff's discovery responses demonstrate that it is more likely than not that the amount in controversy exceeds $75,000.

A. Plaintiff seeks damages for the following items:

1) <u>Lost income</u> – Plaintiff seeks both past and future income loss resulting from his termination. *See* Plaintiff's Response to Form Interrogatory No. 210.2, Berndt Decl. Ex. B. Plaintiff alleges he would have earned $33,000 annually from Defendants. Complaint at ¶¶ 11, 23. Based on this information, it takes less than two-and-a-half years of Plaintiff's alleged lost income to exceed the jurisdictional threshold. Even if the Court considers only the approximately seven-and-a-half months of lost wages Plaintiff has allegedly suffered to date,

---

**Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and Augustine Choi's Notice of Removal Pursuant to 28 U.S.C. Sections 1332 and 1441(B)**

this alone totals $20,625.

2) <u>Compensation for alleged wage and hour violations</u> – Plaintiff seeks compensation for alleged off-the-clock work as well as alleged unpaid overtime pay. Complaint at ¶¶ 26-28.

3) <u>Lost employment benefits</u> – Plaintiff seeks compensation for lost benefits, including health and dental insurance and enrollment in a 401(k) Plan. Complaint at ¶ 30; Plaintiff's Response to Form Interrogatory No. 210.5, Berndt Decl. Ex. B. Plaintiff also claims Defendants promised to reimburse him for the expenses of taking examinations to obtain his Series 6, Series 66, and California Life and Health licenses. Complaint at ¶ 30.

4) <u>Compensation for physical, mental, and/or emotional injury</u> – Plaintiff alleges that as a result of Defendants' alleged conduct, he "has suffered and continues to suffer severe emotional distress, in an amount to be proven at trial." Complaint at ¶ 23. Plaintiff alleges Defendants caused him to suffer: "Severe emotional distress, chest pains, high blood pressure, stress, respiratory problems, inability to sleep, stomach problems, loss of appetite, problems getting motivated, mental and emotional stress." Plaintiff's Response to Form Interrogatory No. 212.4, Berndt Decl. Ex. B.

5) <u>Medical expenses</u> - Plaintiff claims his emotional distress has caused him to make at least one doctor's visit, which involved an ultrasound procedure. Plaintiff's Response to Form Interrogatory No. 212.4, Berndt Decl. Ex. B.

6) <u>Job search expenses</u> - Plaintiff does not elaborate on what this item of damages involves. *See* Complaint at ¶ 39.

7) <u>Relocation and travel costs</u> – In alleged reliance on Defendants' alleged

representations, Plaintiff claims he relocated to California and sold his vehicles and furniture. Complaint at ¶ 12. It appears Plaintiff also seeks expenses associated with moving back to Hawaii after his alleged wrongful termination by Defendants. *See* Plaintiff's Response to Form Interrogatory 9.2, Berndt Decl. Ex. C. Thus far, Plaintiff has produced receipts documenting $1,414.88 in airline expenses incurred in traveling between Hawaii and California. Berndt Decl. Ex. E. This appears to be only a portion of this alleged item of damages.

8) <u>Living costs</u> – Plaintiff apparently seeks costs associated with "secur[ing] a residence in Los Angeles, California." Complaint at ¶12. Plaintiff also seeks costs associated with living in Los Angeles for approximately three months after he was terminated. *See* Plaintiff's Response to Form Interrogatories 2.5, 9.2, Berndt Decl. Ex. C. Even if one estimates the cost of living in Los Angeles at $1,000 per month, this would amount to $3,000 in damages.

9) <u>Attorneys' fees</u> – "[A]ttorneys' fees can be taken into account in determining the amount in controversy if a statute authorizes fees to a successful litigant." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998). Here, Plaintiff alleges a claim under California Labor Code 2699, which authorizes attorneys' fees to a successful litigant. § 2699(g)(1). Thus, Plaintiff's attorneys' fees are included when calculating the amount in controversy. Thus far, Plaintiff's attorneys have presumably conducted some investigation of Plaintiff's claims; drafted, served, and filed a complaint; drafted and served discovery; drafted and served discovery responses; collected and produced documents; and served a notice of deposition. *See* Berndt Decl. Exs. A-G.

---

**Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and Augustine Choi's Notice of Removal Pursuant to 28 U.S.C. Sections 1332 and 1441(B)**

Even if one estimates that Plaintiff's attorneys have spent a total of fifty hours on this case to date and charge only $300 per hour, Plaintiff's claim for attorneys' fees to date amounts to $15,000.

10) <u>Punitive damages</u> – "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Here, Plaintiff seeks punitive damages against all three Defendants under three separate sections of the California Civil Code and the California Labor Code:

   a) As his third cause of action, Plaintiff alleges Defendants made misrepresentations in violation of California Labor Code § 970. Section 972 provides that "any person . . . who violates any provision of Section 970 is liable to the party aggrieved, in a civil action, for **double damages** resulting from such misrepresentations." (emphasis added). Under his § 970 claim, Plaintiff apparently seeks compensation for all damages listed above. *See* Complaint at ¶¶ 31-33. Because § 970 contains a double-damages provision, the jurisdictional amount is exceeded if this Court finds that Plaintiff's other damages exceed $37,500.

   b) As a separate item of punitive damages, Plaintiff seeks 30 days of Plaintiff's former wages under Labor Code §§ 201-203, 2699. This amounts to approximately $2,730.

   c) Finally, Plaintiff seeks punitive damages against all three Defendants under California Civil Code § 3294. There is no explicit limit to the amount of punitive damages that can be awarded under this section. *See id.*

**Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and Augustine Choi's Notice of Removal Pursuant to 28 U.S.C. Sections 1332 and 1441(B)**

B. Based on Plaintiff's lengthy list of compensatory and punitive damages, it is more likely than not that the amount in controversy exceeds $75,000. For example, Plaintiff's alleged lost wages to date ($20,625), plus travel costs ($1414.88), plus living costs ($3,000), plus attorneys' fees to date ($15,000), plus the $2730 penalty under labor Code sections 201-203, 2699 equals $42,769.88. Doubling this $42,769.88 amount, under § 970's double damages provision, equals $85,539.76. Thus, even if the Court only considers Plaintiff's lost wages to date, travel costs, living costs, the statutory penalty alleged, and attorneys' fees to date, the amount in controversy exceeds $75,000.

6. From the date of filing of the State Court Action to the present, and during all relevant times herein, Plaintiff Jose Neto, on the one hand, and Defendants Augustine Choi, AFI, and AFSI on the other hand, were and are citizens of different states, as follows:

A. Individual Plaintiff Jose Neto, from the date of filing of the State Court Action to the present, and during all relevant times herein, is and has been a citizen and resident of Hawaii.

B. Individual Defendant Augustine Choi, from the date of filing of the State Court Action to the present, and during all relevant times herein, is and has been a citizen and resident of California. Complaint at ¶ 5.

C. Defendants AFI and AFSI are each incorporated in Delaware and the principal place of business of each is Minnesota. Declaration of Thomas R. Moore ("Moore Decl.") at ¶ 2. Because neither AFI nor AFSI are citizens of Hawaii, complete diversity exists under 28 U.S.C. § 1332.

1) For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of

---

Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and Augustine Choi's Notice of Removal Pursuant to 28 U.S.C. Sections 1332 and 1441(B)

business. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing 28 U.S.C. § 1332(c)). Federal courts generally use one of two tests for locating a corporation's principal place of business. *Id.* Under the "place of operations test," the principal place of business is the state which contains a substantial predominance of corporate operations. *Id.* Under the "nerve center test," a corporation's principal place of business is where its executive and administrative functions are performed. *Id.*

    a) <u>Place of Operations Test</u> - The relevant factors to determining the location of a majority of corporate activity include: (1) determining the location of the majority of the corporation's (a) employees, (b) tangible property, and (c) production activities; and (2) ascertaining where most of the corporation's (a) income is earned, (b) purchases are made, and (c) sales take place. *Id.* at 1094. Under these factors, neither AFI's nor AFSI's principal place of business is Hawaii. For example, Hawaii does not contain a majority of AFI or AFSI's employees, tangible property, or production activities.[1] Moore Decl. ¶ 3. Additionally, Hawaii is not the state where either AFI or AFSI earn most of their income[2] or make most of their sales or purchases.[3] *Id.* at ¶ 4. Thus, Hawaii is neither AFI nor

---

[1] AFI and AFSI operate from the Ameriprise Financial Center in Minneapolis, Minnesota, an 897,280 square foot building leased by AFI, and the 903,722 square foot Client Service Center, owned by AFI. Moore Decl. at ¶ 6. AFI also owns a 170,815 square foot training facility and conference center located in Chaska, Minnesota, and leases space for two operations centers—one in Minneapolis and another in Phoenix, Arizona. *Id.*

[2] For the purposes of discussing where the majority of a company's "income" or "sales" arise, its gross receipts are probably the best point of comparison because they measure what a company "earns" or receives from each state. For AFSI, Minnesota has the highest number of gross receipts of any state. *Id.* at ¶ 7.

[3] The best way to show where a company makes most of its "purchases," is probably to gauge the amounts in sales and use tax the company reported for each state. Seventy-five percent of AFI's (and its subsidiaries, which includes AFSI) 2007 Sales & Use Tax is allocated to

AFSI's principal place of business under the place of operations test.

b) <u>Nerve Center Test</u> – Both AFI and AFSI's official corporate address and executive offices are located in Minneapolis, Minnesota. *Id.* at ¶ 5. Thus, Minnesota is both AFI and AFSI's principal place of business under the nerve center test. *See Fidelity & Guaranty Life Ins. Co. v. Albertson*, 2007 WL 1971939, * 3 (S.D. Cal. Jun. 20, 2007) (finding nerve center to be state where corporate headquarters and administrative and executive functions took place).

7. Therefore, complete diversity exists between the Plaintiff and the Defendants and, thus, diversity jurisdiction is proper before this District Court.

DATED: December 18, 2009            DORSEY & WHITNEY LLP

By: /s/ Edward B. Magarian
EDWARD B. MAGARIAN (admitted *pro hac vice*)
THOMAS F. BERNDT (ADMITTED *PRO HAC VICE*) JESSICA LINEHAN (SBN 223569)

Attorneys for Defendants Ameriprise Financial Inc. & Ameriprise Financial Services, Inc.

Dated: December 17, 2009            GOLDMAN MAGDALIN KRIKES LLP

By: /s/ Robert W. Conti
ROBERT W. CONTI (SBN 137307)
JORDAN A. GROPAK (SBN 245249)

Attorneys for Defendant Augustine Choi

Minnesota, a clear majority. *Id.* at ¶ 8.

Defendants Ameriprise Financial, Inc., Ameriprise Financial Services, Inc., and Augustine Choi's Notice of Removal Pursuant to 28 U.S.C. Sections 1332 and 1441(B)

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 38 Technology Drive, Suite 100, Irvine, California 92618-2301. On December 18, 2009, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED: DEFENDANTS AMERIPRISE FINANCIAL INC., AMERIPRISE FINANCIAL SERVICES, INC. AND AUGUSTINE CHOI'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(B)

SERVED UPON: SEE ATTACHED SERVICE LIST

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☒ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐ (BY FACSIMILE) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(i), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on December 18, 2009, at Irvine, California.

Karen Satterfield

4834-1348-9157\1

## SERVICE LIST

| | |
|---|---|
| ABROLAT & ASSOCIATES<br>Nancy L. Abrolat<br>Kevin A. McDowell<br>The Plaza at Continental Park<br>2121 Rosecrans Ave., Suite 2310<br>El Segundo, California 90245<br>Telephone: (310) 615-0008 | *Attorneys for Plaintiff Jose Neto* |
| GOLDMAN, MAGDALIN & KRIKES, LLP<br>Jordan Gropack<br>4605 Lankershim Blvd, Suite 540<br>North Hollywood, CA 91602 | *Attorney for Augustine Choi* |

4834-1348-9157\1